IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RONALD EDWARD JACKSON,           §
                                 §
        Petitioner,              §
                                 §
v.                               §          2:03-CV-0074
                                 §
DOUGLAS DRETKE, Director,         §
Texas Department of Criminal     §
Justice, Institutional Division, §
                                 §
        Respondent.[1]           §

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner RONALD EDWARD JACKSON has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108TH Judicial District Court of Potter County, Texas, for the felony offense of failure to comply with the registration requirements for sex offenders.  For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On November 15, 2001, in Cause No. 44,558-E, styled *The State of Texas vs. Ronald Edward Jackson*, petitioner was indicted for violating the sex offenders duty to register statute.  *Ex parte Jackson*, No. 54,632-01 at 25.  Petitioner, pursuant to a plea agreement, pleaded guilty

---

[1]The previous named respondent was Janie Cockrell who was succeeded by Douglas Dretke on August 1, 2003 as Director of the Texas Department of Criminal Justice, Institutional Division.  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Dretke is automatically substituted as a party.

and judgment was entered on January 9, 2002.  *Id*. at 27.  Petitioner was sentenced to 3 (three)

years imprisonment in the Texas Department of Criminal Justice, Institutional Division.  *Id*.

Petitioner did not directly appeal his conviction or sentence.  On November 8, 2002,

petitioner filed a state application for a writ of habeas corpus challenging the instant conviction.

*Ex parte Jackson*, No. 54,632-01 at 3.  On February 12, 2003, the Texas Court of Criminal

Appeals denied petitioner's application without written order.  *Id*. at cover.  On March 13, 2003,

the instant application for federal habeas relief was filed in this Court.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of

the United States for the following reasons:

1.    Petitioner's plea was coerced by his attorney;

2.    Petitioner was denied effective assistance of counsel because counsel had no
      knowledge of the sex offender registration statute and its history; and

3.    Petitioner was maliciously prosecuted.

Petitioner has taken offense to respondent's recitation of petitioner's claims stating that

respondent has incorrectly listed four claims instead of petitioner's three allegations and has

erroneously reworded petitioner's allegations.  Petitioner has made it clear to the Court, in his

"Rebuttal to Respondent's Answer" filed September 1, 2004, that he seeks to raise herein, the

exact three claims raised in his state habeas petition.  *See* Petitioner's Rebuttal to the

Respondent's Answer at 3.  Such are the claims listed above.

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of
determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

Petitioner's rebuttal also contains a discussion of petitioner's attempt to amend his petition. Petitioner filed a motion to amend his federal habeas application on May 5, 2004. Such motion was unfiled the same date as deficient since petitioner had not submitted the proposed amended petition. Petitioner has stated in objections filed with the Court on June 3, 2004, that he resubmitted a motion to amend on May 12, 2004. A review of the docket in this case does not show any such motion to amend was ever filed. Petitioner has not been prejudiced since the claim he appears to want to assert in an amended petition is the same basic claim he presently makes.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Respondent concedes petitioner has sufficiently exhausted his state court remedies with regard to the issues raised in the instant habeas application, and does not move for dismissal for failure to exhaust. It is, therefore, the opinion of the undersigned that petitioner's habeas application not be dismissed due to any failure to exhaust state court remedies, but instead the petition should be determined on the merits.

## IV.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits

in the state court proceedings unless the adjudication of the claim:

> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner.  28 U.S.C. § 2254(e).

Petitioner has filed one (1) state habeas application relating to Cause No. 44,558-E.  The Texas Court of Criminal appeals denied *Ex parte Jackson*, App. No. 54,632-01 on February 12, 2003, without written order.  The ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits.  *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.

<u>MERITS</u>

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated.  In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.  Based upon a review of the state court records the pleadings of record with this Court, it is the opinion of the Magistrate Judge that petitioner has failed to show he is being unlawfully detained in violation of the Constitution and laws of the United States.

As a preliminary matter, the undersigned notes that all of petitioner's claims relate to his

4

position that he was improperly subjected to the duty to register as a sex offender statute in violation of the *ex post facto* clause.  As articulated by respondent, the United States Supreme Court, the Fifth Circuit Court of Appeals, and the Texas Court of Criminal Appeals have all rejected similar constitutional challenges to the registration requirements for sex offenders.  *See* Respondent' Answer at 9, *citing Smith v. Doe*, 538 U.S. 84, 95, 104-106 (2003) and *Rodriguez v. State*, 93 S.W.3d 60, 78-79 (Tex.Crim.App. 2002).  Respondent's analysis of the law is accurate. Since petitioner's claim that he is not subject to sex offender registration is without merit, further analysis of his claims may very well be unnecessary.

## A.
### Coerced Plea

Petitioner has alleged that he pleaded guilty to the offense of failure to register as a sex offender pursuant to advice of counsel when the statute didn't apply to him.  Petitioner contends his guilty plea was thus coerced.

Petitioner does not allege he did not understand the charges against him or the direct consequences of his plea, rather, petitioner appears to argue trial counsel improperly advised him to plea when the statute didn't apply to him.  With respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged.  *Rupert v. Johnson*, 79 F.Supp.2d 680, 706 (W.D.Tex. 1999) citing *United States v. Dees*, 125 F.3d 261, 269 (5th Cir.1997), *cert. denied*, 522 U.S. 1152, 118 S.Ct. 1174, 140 L.Ed.2d 183 (1998).  A review of the record shows petitioner was admonished in open court of the consequences of his plea.  *Ex parte Jackson*, App. No. 54,632-01 at 28.  Moreover, petitioner's claim that the sex offender registration statute does not apply to him is erroneous.  In his answer to petitioner's

state habeas claim the State responded,

> In his instant Application for Writ of Habeas Corpus, Applicant's three grounds of error are based upon Applicant's contention that in September of 2001 he was no longer subject to the sex offender registration provisions of Arts. 62.04 and 62.10, Texas Code of Criminal Procedure. Applicant contends that after he was discharged on July 10, 2000 in connection with his 1989 eleven year penitentiary sentence for the offense of sexual assault, he was no longer required to register as a sex offender and/or report a change of his address. Therefore, Applicant contends that his conviction in Cause No. 44,558-E should be set aside.

> In answer to the allegation in the instant Application for Writ of Habeas Corpus, the State would show that Appellant's contention is without merit. In 1997 Art. 62.11 was amendment (sic) to enlarged (sic) the class of persons required to register to those convicted of a reportable offense on or after September 1, 1970. See Act of June 1, 1997, 75th Leg., R.S., ch. 668 § 11, 1997 Tex. Gen. Laws 2253, 2264. The applicability of the amendment was limited to those defendants who were either confined in a penal institution, or were under the supervision and control of a juvenile probation office, a community supervision and corrections department, or the pardons and paroles division of the Texas Department of Criminal Justice. Id.

> Since Applicant had not discharged his 1989 sexual assault conviction at the time Art. 62.11 was amended in 1997, Applicant's duty to register under Art. 62.12 (a) does not end until his death. Therefore, on September 19, 2001 Applicant was under a duty to register as a sex offender and his failure to notify the Amarillo Police Department of his change of address as alleged in the indictment in Cause No. 44,558-E was a violation of Art. 62.10, Texas Code of Criminal Procedure.

*Ex parte Jackson*, App. No. 54,632-01 at 21-22. Petitioner's claim that he was coerced by his attorney into pleading guilty to violating a statute which was inapplicable to him is without merit and should be DENIED.

### B.
### Effectiveness of Counsel

Petitioner's next claims he received ineffective assistance of counsel because counsel was not knowledgeable about the sex offender registration statute and its applicability to petitioner, and coerced petitioner to pleading guilty. This is almost a restatement of the first allegation.

The proper standard for judging a petitioner's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under the *Strickland* standard, a petitioner must show defense counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.

A petitioner must also show counsel's deficient performance prejudiced the defense.  To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial.  Specifically, petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the petitioner of a fair trial with a reliable result."  *Id.* at 694.

In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession.  Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight.  *Id.* at 689.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance.  *Id.*

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence.  *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992), *cert. denied*, 508 U.S. 978, 113 S.Ct. 2977 (1993).

To succeed on an ineffective assistance of counsel claim, petitioner must prove prejudice

by a preponderance of the evidence, and show, that but for counsel's errors, he would have insisted in going to trial.  *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370.[3]  In the instant case, petitioner must show his counsel's errors rendered his pleas unknowing and involuntary.  As discussed *supra*, with respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged.  *Rupert v. Johnson*, 79 F.Supp.2d 680, 706 (W.D.Tex. 1999) citing *United States v. Dees*, 125 F.3d 261, 269 (5th Cir.1997), *cert. denied*, 522 U.S. 1152, 118 S.Ct. 1174, 140 L.Ed.2d 183 (1998).  As referenced earlier, a review of the record shows petitioner was admonished in open court of the consequences of his plea. The Texas Court of Criminal Appeals subsequently denied habeas relief.  *Ex parte Jackson*, App. No. 54, 632-01 at cover.  Moreover, as discussed *supra*, petitioner is mistaken about the applicability of the sex offender registration statute to him.  Because the statute applies to petitioner, it cannot be said counsel was ineffective for recommending petitioner plead guilty and for not challenging the applicability of the statute.  Petitioner in this regard, has failed to show prejudice.

Since petitioner has not made the showing required by the AEDPA with respect to the state court decision on this issue, and has not met his burden under *Strickland*, petitioner is not entitled to federal habeas corpus relief.  Petitioner's ineffective assistance of counsel claim should be denied.

## C.
### Malicious Prosecution

Petitioner next argues the State maliciously prosecuted him because it charged petitioner

---

[3]The Court may dispose of petitioner's claim if he is unable to meet one of the two prongs of the *Strickland* standard. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.) *cert. denied sub nom*, 513 U.S. 960, 115 S.Ct. 418,130 L.Ed.2d 333 (1994).

with failing to register when it knew petitioner's duty to register had expired.  Again, petitioner's

claim is based upon his contention that the statute at issue did not apply to him.  For the reasons

set forth previously, the undersigned finds petitioner's claim to be without merit.  Petitioner's

contention that the State maliciously prosecuted him is without merit.

VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

States District Judge that the petition for a writ of habeas corpus filed by petitioner RONALD

EDWARD JACKSON be DENIED.

VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner and to counsel of record for respondent by the most efficient

means available.

IT IS SO RECOMMENDED.

ENTERED this <u>10th</u> day of May 2005.


/s/ Clinton E. Averitte
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In
the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing
objections is eleven (11) days from the date of filing as indicated by the file mark on the first
page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the

parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14ᵗʰ) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).